IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

MICHELLE WAHL,                                      File No.: 9:09-cv-81382-KAM

      Plaintiff,

v.

SEACOAST BANKING CORPORATION
OF FLORIDA, d/b/a SEACOAST
NATIONAL BANK,

      Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS AND/OR MOTION FOR MORE DEFINITE STATEMENT

Defendant, SEACOAST BANKING CORPORATION OF FLORIDA d/b/a SEACOAST NATIONAL BANK (hereinafter "SEACOAST"), by and through its undersigned counsel, hereby files this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b) and (e) and states as follows:

1.    Plaintiff filed the instant four-count complaint in state court on or about August 18, 2009. [DE#1].  After Defendant was served in this action, Defendant timely removed the matter to this Court based upon federal question jurisdiction. [DE#1].

2.    Defendant recognizes from review of the Complaint that it relates to the Family Medical Leave Act.  However, the inartful drafting of the four counts without reference to the specific prohibited behavior under the United States Code provisions of the Family Medical Leave Act, combined with what appear to be repetitive counts, leaves the Defendant unable to determine what specific violations are being brought against it.

1

3.      As such, Defendant is unable to determine how to respond to each count of the Complaint, and seeks dismissal of all or a portion of the counts against it, or in the alternative, the Defendant seeks a more definite statement or clarification from the Plaintiff so that it may properly form its response.

4.      For the reasons set forth more fully in the incorporated memorandum of law, the Defendant respectfully requests the aforementioned relief.

<u>MEMORANDUM OF LAW</u>

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is permitted when there is a failure to state a claim upon which relief may be granted.  A claim or complaint is subject to dismissal if the allegations, taken as true, show the plaintiff is not entitled to relief.  <u>Jones v. Bock</u>, 549 U.S. 199 (2007).  Two of the counts recited by the Plaintiff in this Complaint appear to arise under provisions of administrative law that are not a proper basis for a civil lawsuit.  Those two counts, even if construed as related to certain provisions of United States Code, are also duplicative and repetitive of other counts within the Complaint.  As such, at least two of the counts should be dismissed so that the issues to be tried by this Court can be framed more properly.

Specifically, Count I of the Complaint is titled as an "interference" with Family Medical Leave Act rights arising from the Plaintiff's allegedly wrongful termination.  The Family Medical Leave Act's enforcement provisions are codified at 29 U.S.C. § 2615.  However, Count I does not refer at all to this statute as a basis for this claim.  Instead, the Count refers to Section 825.220 of the Code of Federal Regulations as establishing an employee's protection against interference with FMLA rights.  Within this chapter of the Code of Federal Regulations, the enforcement provision at 29 C.F.R. 825.400 identifies that the employee has the choice of (a) filing a complaint with the

2

Department of Labor, or (b) filing a private lawsuit pursuant to section 107 of the FMLA.  The Code of Federal Regulations are provisions of developed administrative law promulgated by the governmental entity which is delegated with the authority over a particular area of statutory law. Nothing within  Chapter 29, Section 825 of the Code of Federal Regulations appears to establish an independent cause of action for FMLA violations; rather the remedies for enforcement identified within the administrative regulations refer to a civil action being permitted under the Congressional Act (§ 107 of the FMLA) that is now codified in statute at 29 U.S.C. § 2615 et seq.  Thus to the extent that Count I seeks to state a claim for violations of an administrative regulation for which there is possible administrative remedy, there is no independent claim for which relief can be granted by a court of law outside of that which is authorized by statute enacted by Congress.

Defendant acknowledges that Count I may have been intended to invoke rights against either interference with FMLA rights or retaliation for the exercise of FMLA rights under 29 U.S.C. § 2615, but the allegations as stated fail to identify which category the alleged wrongful termination falls under.  While titled as an interference claim, because the alleged resulting harm is identified as termination of employment, it appears to instead be a retaliation claim for her alleged exercise of FMLA rights by taking certain absences from work.  See Morehardt v. Spirit Airlines, Inc., 174 F.Supp.2d 1272 (M.D.Fla. 2001)(defining a retaliation claim as one in which an employee asserts that the employer discriminated against him because she engaged in activity protected under the FMLA).  To that end, Count IV of the Complaint (titled "FMLA retaliation") covers and alleges the same conduct under the appropriate statutory provision of the Family Medical Leave Act.  Even if Count I is construed liberally to raise an FMLA claim for retaliation, it duplicates Count IV and thus should be dismissed.   See Amica Mut. Ins. Co. v. Morowitz, 613 F.Supp.2d 1358 (S.D.Fla.

3

2009)(dismissing counts which appeared to be duplicative of other cited counts).  If Count I is somehow construed as an interference claim, it is possibly duplicative of Counts II and III, which also appear to allege other "interference" claims.

Count II of the Plaintiff's Complaint, which is entitled "Interference, Discouraging Employee from Using Leave," suffers from the same infirmity as Count I, in that it only cites to the administrative regulation set forth at 29 C.F.R. 825.220 as the basis for the claim.  Again, this claim of violation of an administrative regulation, independent of the Congressional act known as the FMLA, fails to state an independent claim for which relief can be granted by a court of law.  To the extent that it does seek to establish a basis for an interference claim under the FMLA statutes, which is identified as one in which an employee asserts that the employer denied or otherwise has interfered with substantive rights under the FMLA according to Morehardt, supra, there is a separate interference count stated in Count III of the Complaint, and Count II should be dismissed as duplicative.

Defendant cannot determine the Plaintiff's intention or theory of liability from the citation of three interference claims in Counts I, II and III (one of which appears to be a misidentified retaliation claim that duplicates Count IV), especially where the alleged violations in each count are not distinct, and where the alleged violations overlap with violations cited in other counts. All counts appear to seek similar relief, and assert similar damages.  The Defendant is entitled to some clarity in the pleadings to which it has to respond, and would request that this Court dismiss those counts that are duplicative or not based upon statutory authority promulgated by the appropriate legislative body or otherwise based upon established common law.  Where the cited counts are vague and ambiguous, the Defendant may be entitled to a more definite statement of what claims are being

asserted, whether each is a retaliation claim or an interference claim, and to a clear and concise identification of what facts or conduct establish each of those claims.

WHEREFORE, Defendant respectfully requests that this Court dismiss the duplicative counts of the complaint against it, or alternatively, that this Court direct the Plaintiff to amend its complaint or to provide a more definite statement concerning each count sought to be brought against the Defendant, and for such other and further relief as this Court deems appropriate.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th  day of September, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    /s/
DEBORAH L. SANDERS, ESQUIRE
Florida Bar No. 659509
Email: dls@crarybuchanan.com
CRARY, BUCHANAN, BOWDISH,
BOVIE, BERES, ELDER &
WILLIAMSON, CHARTERED
555 Colorado Avenue
Post Office Drawer 24
Stuart, Florida 34995-0024
Telephone: (772) 287-2600
Facsimile: (772) 287-9988
Attorneys for the Defendant

<u>SERVICE LIST</u>

MICHELLE WAHL v. SEACOAST BANKING CORPORATION OF FLORIDA
Case No. 9:09-cv-81382-KAM
United States District Court, Southern District of Florida

Louis P. Pfeffer
lpfeffer@pfefferlaw.com
kabney@pfefferlaw.com
Louis P. Pfeffer, P.A.
250 South Central Blvd.
Suite 205
Jupiter, FL 33458
Telephone (561) 745-8011
Facsimile (561) 745-8019
Attorney for the Plaintiff
Michelle Wahl
(Electronic Service)