UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81382-CIV-MARRA

MICHELLE WAHL,

    Plaintiff,
vs.

SEACOAST BANKING CORPORATION
OF FLORIDA, d/b/a SEACOAST
NATIONAL BANK,

    Defendant.
_____/

## ORDER AND OPINION

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss and/or For More Definite Statement [DE 2].  The Court has carefully considered the motion and complaint.  No response to the motion was submitted.

This action was commenced against defendant Seacoast Banking Corporation of Florida d/b/a Seacoast National Bank ("Seacoast") in the Fifteenth Judicial Circuit Court in and for Palm Beach County by the plaintiff Michelle Wahl ("Wahl").  Wahl's four count complaint is based on alleged Family Medical Leave Act ("FMLA") violations.  Defendant removed the action to this Court and now seeks to dismiss it or, alternatively, for a more definite statement.

Standard of Review

To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is

and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true" *Twombly*, 550 U.S. at 555 (citations omitted). Plaintiff must plead enough facts to state a plausible basis for the claim. *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, - U.S. --, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 570).

Discussion

In its Motion, Seacoast asserts that the complaint should be dismissed because two of the counts "appear to arise under provisions of administrative law that are not a proper basis for a civil lawsuit," and because these counts "are also duplicative and repetitive of other counts within the Complaint."

**Citing Administrative Law**

The first 24 paragraphs of the complaint provide a detailed factual pattern

describing when and why Plaintiff was absent from work. These paragraphs allege that Plaintiff had an illness or physical condition that warranted continuing treatment by a healthcare provider, and it describes incidents when Seacoast "verbally attacked" Wahl, put her on probation for excessive absences, and ultimately terminated her. The Complaint is replete with references to the FMLA and it is under this sole statute that the Complaint is based. The initial 24 paragraphs are re-alleged under each count. That Plaintiff relies on the Code of Federal Regulations under certain counts does not negate the allegations of violations of the statute in question.

**Duplicative or Repetitive**

Count I is labeled "Interference With Restraining or Denying Exercise of FMLA Rights - Wrongful Termination." This count alleges that by firing WAHL, Seacoast violated the FMLA. Count II is labeled "FMLA Interference, Discouraging Employee From Using Leave." This count alleges that by discouraging Wahl from taking leave to attend prenatal visits, Seacoast violated the Act. Count III is labeled, "FMLA Interference." This Count alleges that by firing Wahl, Seacoast interfered with her rights in the future under the FMLA. And the last count, Count IV, is labeled, "FMLA Retaliation." Here Wahl alleges that Seacoast fired her in retaliation for her having exercised or attempted to exercise her rights under the FMLA.

Seacoast states it cannot determine Plaintiff's intention or theory of liability from the citation of three interference claims in Counts I, II and III; that Count I for wrongful termination is really just a misidentified retaliation claim which is asserted

in Count IV; and that the alleged violations in each count are not distinct and overlap.

The Complaint does not suffer from the shortcomings of which Defendant complains. The allegations naturally overlap because the various counts all arise from the same core set of facts. Plaintiff may allege both wrongful termination and retaliation. Indeed, in order to "succeed on a retaliation claim, an employee must demonstrate that [her] employer intentionally discriminated against [her] in the form of an adverse employment action for having exercised an FMLA right." *Strickland v. Water Works and Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1207 (11th Cir. 2001). While it is highly unusual for a plaintiff to fail to respond to a motion to dismiss, the Court finds the complaint in this matter is sufficient to allow Plaintiff to proceed with her claims. Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss and/or For More Definite Statement [DE 2] is DENIED.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of April, 2010.

_____
KENNETH A. MARRA
United States District Judge

copies to:
All counsel of record